UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAKE-A-FRIEND, INC., a Canadian Federal Corporation; THE BEAR MILL, INC., a Canadian Federal Corporation; TDK, LLC, a Florida Limited Liability Company; CHARLINE BOURQUE, a Canadian citizen; BROSBOEL APS, a Danish private limited company; THE BEAR MILL OF AMARILLO, LLC, a Texas Limited Liability Company; J & R BEARS, LLC, a Texas Limited Liability Company; JANNA DRAKE, a resident of the state of Washington; DOES 1-12,<br><br>               Plaintiffs/Counter-Defendants,<br><br>vs.<br><br>THE BEAR MILL, INC., an Idaho Corporation; JANIS FENTON and DAVID FENTON, in their official capacities as officers of THE BEAR MILL, INC. an Idaho corporation,<br><br>               Defendants/Counter-Claimants. | Case No.  2:07-cv-00276-N-EJL<br><br>**MEMORANDUM ORDER** |

Pursuant to Federal Rule of Civil Procedure 65, Defendant/Cross-Claimant The Bear Mill, Inc. ("TBM"), et al., has filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction. TBM and Plaintiff Make-A-Friend, Inc. ("MAF"), et al., are parties to a 2004 Strategic Alliance Agreement (the "Agreement") which gave MAF the right to franchise The Bear Mill trademark and gave TBM the right to be the

exclusive wholesale supplier for all sales to the retail franchisees. MAF recently terminated the Agreement alleging that TBM breached material terms of the same.

MAF then initiated the present lawsuit. MAF and TBM both sought immediate injunctive relief.  MAF asked the Court to enjoin any effort by TBM to restrict MAF's access to a web site owned by TBM. On the other hand, TBM requested an order enjoining MAF from encouraging the franchisees to use other suppliers or join the present lawsuit. In an Order issued on August 10, 2007, the Court denied both parties' motion for preliminary injunction. The Court denied the motions primarily because the parties failed to demonstrate that an award of damages would be "seriously deficient as a remedy for the harm suffered." (Order of August 10, 2007 at 3-5).

The Court then ordered the parties to a settlement conference with a magistrate judge believing it "would be in the best interests of the litigants." (Id. at 5). Prior to the date of the settlement conference, TBM filed the present Motion for Temporary Restraining Order and Motion for Preliminary Injunction. On September 4, 2007, the magistrate judge reported that the matter did not settle.

The Court then set a schedule for briefing TBM's motion. The motion is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would

not be significantly aided by oral argument, this matter shall be decided on the record

before this Court without oral argument.[1]

**Standard of Review**

Where, as here, both parties have had the opportunity to submit briefs, affidavits

and exhibits, the party seeking injunctive relief must satisfy the test required for the

issuance of a preliminary injunction.  Bronco Wine Co. v. U.S. Dept. of Treasury, 997 F.

Supp. 1309, 1313 (E.D. Cal. 1996). Injunctive relief is not obtained as a matter of right

and it is considered to be an extraordinary remedy that should not be granted unless the

movant, by a clear showing, carries the burden of persuasion.  See Sampson v. Murray,

415 U.S. 61 (1974); Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R.

Co., 363 U.S. 528 (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th

Cir. 1994).

In the case of Martin v. International Olympic Committee, 740 F.2d 670, 674-675

(9th Cir. 1984), the Ninth Circuit stated that a party seeking preliminary injunctive relief

must meet one of two tests.  Under the first,

> [A] court may issue a preliminary injunction if it finds that: (1) the [moving
> party] will suffer irreparable harm if injunctive relief is not granted, (2) the
> [moving party] will probably prevail on the merits, (3) in balancing the
> equities, the [non-moving] party will not be harmed more than [the moving
> party] is helped by the injunction, and (4) granting the injunction is in the
> public interest.

---

[1]     TBM has not yet responded to MAF's Motion to Strike the (Fourth) Affidavit of
Janis Fenton. Because consideration of the challenged affidavit does not change the analysis as
set forth below, the Court need not rule on the Motion to Strike.

Id. (internal quotations and citations omitted); and Stanley v. Univ. of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994).  Under the second, the movant must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits."  Miller v. California Pacific Medical Center, 19 F.3d 449, 456 (9th Cir. 1994) (en banc).  This alternative test is on a sliding scale: the greater the likelihood of success, the less risk of harm must be shown, and vice versa.  Id.

TBM advances its motions under the "alternative test."  (Mot. at 2-3.)   The two formulations of the alternative test "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Idaho Sporting Congress, Inc. v. Alexander, 222 F.3d 562, 565 (9th Cir. 2000). However, under the "last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits." Bronco Wine, 997 F. Supp. at 1313.

"Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Publ. Co., 762 F.2d 1374, 1376 (9th Cir. 1985). It "is well established . . . that monetary injury is not normally considered irreparable." Los Angeles Memorial Coliseum Comm'n. v. National Football League, 634 F.2d 1197, 1202 (9th Cir. 1980). Therefore, to prevail on a motion for preliminary injunction a party must demonstrate that an award of damages would be

"seriously deficient as a remedy for the harm suffered." <u>Roland Mach. Co. v. Dresser</u> <u>Indus., Inc.</u>, 749 F.2d 380, 386 (7th Cir.1984).

## Discussion

TBM seeks an order requiring MAF to "cease and desist their use of The Bear Mill, Inc.'s registered trademarks, and any and all references to The Bear Mill, Inc., in any business capacity." (Mot. at 2). In many respects, TBM's second motion for injunctive relief is very similar to its first motion. The underlying rationale for both is TBM's belief that MAF wrongly terminated the parties' Agreement and therefore cannot properly use the TBM trademark. And once again, TBM offers only a conclusory assertion in an effort to show that  monetary damages will not compensate for the potential harm caused by MAF's alleged wrongful conduct: TBM "could not be effectively made whole by a damage award (as opposed to an injunction) because there is no way to ascertain the extent of the damages that would be caused through lost business, and the pernicious effect purchase use may have on TBM's reputation (good will)."  (<u>Id.</u>; <u>see also</u> Second Aff. of Janis Fenton in Supp. of Mot. ¶ 6).

The Court previously considered similar conclusory statements and ruled that the "injuries asserted [by TBM] are capable of being remedied by an award of damages." (Order of August 10, 2007 at 4 (citing <u>Oakland Tribune, Inc.</u>, 762 F.2d at 1376-77 (finding lack of irreparable harm based on alleged loss of revenue, reputation, competitiveness, and goodwill))).  And the Court further noted that "while calculating either party's damages may be somewhat difficult, the potential injuries alleged . . . can be quantified and assessed, and damages are regularly awarded to rectify this type of

harm and monetary injury." (Id. at 4-5 (citing Oakland Tribune, Inc., 762 F.2d at 1376; Stanley v. University of S. Cal., 13 F.3d 1313, 1320-21 (9th Cir. 1994); Los Angeles Memorial Coliseum Comm'n. v. National Football League, 634 F.2d 1197, 1202-03 (9th Cir. 1980))). Accordingly, the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974).

TBM attempts to avoid the same conclusion here by pointing to Ninth Circuit case law that typically finds irreparable injury in a "trademark case." (Reply at 3-4 (citing Sardi's Restaurant Corp. v. Sardie, 755 F.2d 719, 724 (9th Cir.1985). The principal flaw in this argument, however, is the fact that this case is a contract action and not an action for trademark infringement. (See First Amended Counterclaim). The disputed right to use the TBM trademark is entirely dependent on a favorable resolution of the contract causes of action. (Id. at ¶ 38).  The Sardi's case is therefore distinguishable.

Moreover, just as important as TBM's failure to show irreparable harm is the Court's conclusion that TBM has not demonstrated it is likely to succeed on the merits. In this respect TBM has two hurdles to overcome; it must show that its interpretation of the Agreement is the correct construction of the contract language and that MAF's termination of the Agreement was wrongful. (Mot. at 4-8 (stating for example that "[p]ursuant to the Agreement . . . MAF does not have the right, or at the most has a very limited right, to use TBM's marks due to its wrongful termination of the Agreement"). Clearly, both the interpretation of the Agreement and the reason for its termination are disputed by the parties. The parties' competing arguments on these points are

diametrically opposed. The Court's comments on these matters are necessarily provisional and solely for the purposes of determining if TBM has made the requisite showing on the motion for preliminary injunction.[2]

The Agreement states in relevant part under heading number two, GRANT OF EXCLUSIVE LICENSE, the following:

> a) TBM hereby grants and MAF hereby accepts, on the terms and conditions set forth in this Agreement, an irrevocable, perpetual, royalty bearing, worldwide exclusive license to use THE BEAR MILL trademark, wordmark, brandname, logo and any future design mark in MAF's store, kiosk, or special event retail operations operating the TBM System.

(Second Aff. of Janis Fenton in Supp. of Mot., Ex. A). Despite this seemingly limitless conveyance of the TBM trademark to MAF, TBM variously argues that the TBM signatory, Janis Fenton, "never intended to grant such rights to MAF in executing the Agreement;" that "MAF simply did not give TBM anything of value in exchange for a perpetual and irrevocable right to TBM's marks;" and that another provision of the Agreement circumscribes the grant. (Mot. at 5-7; see also Second Aff. of Janis Fenton in Supp. of Mot. ¶ 6). The Court finds it inappropriate, however, at this stage of the litigation to credit the stated intention, understanding and opinion of Ms. Fenton in what could be viewed as a self serving representation of the circumstances surrounding the Agreement and its meaning. Oakland Tribune, Inc., 762 F.2d at 1377 (stating that when

---

[2] The Court wants to be clear that its discussion below it is not deciding any legal issue related to the Agreement but only makes a provisional determination as to TBM's likelihood of success on the merits.

considering a motion for preliminary injunction the "weight to be given" to the statements of an affiant "is in the discretion of the trial court").

Similarly, the record does not at this point favor TBM's contention that MAF's termination of the Agreement was wrongful. MAF maintains that TBM did not fulfill the requirements under the Agreement to act as supplier of the TBM merchandise. TBM disputes this and contends that "the allegations of default by MAF were false and put forth with the intention to wrongfully terminate the Agreement." (First Amended Counterclaim ¶ 19). But TBM has not made a showing sufficient to even demonstrate "that there is a fair chance of success on the merits."

For all of these reasons, TBM's  Motion for Temporary Restraining Order and Motion for Preliminary Injunction is denied.

## Order

Being fully advised in the premises, the Court hereby orders that Defendants' Motion for Temporary Restraining Order and Motion for Preliminary Injunction (docket no. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Strike (Fourth) Affidavit of Janis Fenton (docket no. 42) is **DENIED as moot.**

DATED:  **October 23, 2007**

Honorable Edward J. Lodge
U. S. District Judge